## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **DOMINIQUE COLLIER,**<br><br>                Plaintiff,<br><br>                v.<br><br>**FRANK KENDALL,** *Secretary of the U.S. Air Force,*<br><br>                Defendant. | Case No. 1:21-cv-2781 (TNM) |

### <u>MEMORANDUM OPINION</u>*

A Captain in the Air Force Reserves claims that her unit improperly disclosed her ███████ and gossiped about it.  So she sued the Secretary of the Air Force for violating the Privacy Act.  Plus, she says that the Secretary of the Air Force waited too long to turn over a hearing transcript.  So she added an unreasonable delay claim under the Administrative Procedure Act.  But because the Secretary has since given her that transcript, her APA must be dismissed as moot.  And because she provides no proof of actual damages stemming from the alleged Privacy Act violation, the Court must grant the Secretary's motion for summary judgment on that claim.

### I.

Dominique Collier served as a Captain in the Air Force Reserves.  Def.'s Stat. of Undisp. Mat. Facts (DSUMF) ¶ 1, ECF No 50-1.  A few years ago, the Air Force found out that ███████ ███████ during a "pre-deployment medical screening."  *Id.* ¶ 5.  But when it tested her again,

---

* The Memorandum Opinion was issued under seal on September 8, 2023. This version contains redactions of confidential information.

she ███████████████.[2]  *Id.* ¶ 6.  Collier claims that after this, members of the Air Force

command "believed that [she] ████████████████ to get out of the deployment," and

gossiped about her.  Sec. Am. Compl. (Compl.) ¶ 13, ECF No. 39-1.

Then, a year later, Collier told the Air Force ██████████████.  DSUMF ¶ 6.

This time, the Air Force asked her to provide medical documentation to prove it.  *See id.*  After

Collier ████████████, her relationship with the Air Force continued to deteriorate.  And the

Air Force eventually began "involuntary administrative separation proceedings through a Board

of Inquiry."  Compl. ¶ 25.

So Collier sued the Secretary of the Air Force.  *See generally* Compl.  She claims that the

Secretary violated the Privacy Act when members of her unit improperly disclosed ████

████████ and gossiped about it.  Later, after surviving a motion to dismiss, Collier added

another claim:  the Secretary violated the APA by withholding the transcript of the Board of

Inquiry proceedings.  *See generally id.*  The Secretary now moves for summary judgment.  *See*

Def.'s Mot. for Summ. J. (MSJ), ECF No. 50-1.  And during the parties' briefing on that motion,

the Air Force gave Collier the transcript that she wanted.  Notice of Tr., ECF No. 56 ("A

completed copy of the transcript was provided to Plaintiff's counsel.").

## II.

To win on summary judgment, the Secretary must show that "there is no genuine dispute

as to any material fact."  Fed. R. Civ. P. 56(a).  A fact is material if it could change the outcome

of the case.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  And a dispute is

genuine if "a reasonable jury could return a verdict for" Collier.  *See id.*  The Court must "view

the evidence in the light most favorable to [Collier] and draw all reasonable inferences in [her]

---

[2] The record does not explain this change.

favor." *Mastro v. Potomac Elec. Power Co.*, 447 F.3d 843, 850 (D.C. Cir. 2006).  But Collier must do more than offer unsupported allegations or mere denials in her opposition to avoid summary judgment.  *Harris v. Trustees of Univ. of D.C.*, 567 F. Supp. 3d 131, 143 (D.D.C. 2021).

The Court must always ensure that "the jurisdictional requirements of Article III [are] present before [it] may proceed to the merits."  *Moms Against Mercury v. FDA*, 483 F.3d 824, 826 (D.C. Cir. 2007).  This includes ensuring that no claims are moot.  *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (A moot case is "no longer a 'Case' or 'Controversy' for purposes of Article III.").  And Collier bears the "burden of demonstrating that this Court has subject matter jurisdiction over" her claims.  *Id.* at 828; *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ("[E]ach element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof.").

### III.

The Secretary moves for summary judgment on both Collier's claims.  Because Collier's APA claim is moot, the Court will dismiss it.  And because there is no genuine dispute of material fact as to Collier's Privacy Act claim, the Court will grant the Secretary's Motion for Summary Judgment on that claim.

### A.

Start with Collier's APA claim.  Her theory is simple:  The Secretary was required to give her a hearing transcript within a certain time.  *See* Compl. ¶ 43.  At the time she added this claim to her lawsuit, the Secretary had not yet given her that transcript.  And the Secretary's

delay in doing so was unreasonable and thus violated the APA.  *See id.* ¶ 44.  So she asks the Court to order the Secretary to turn over the transcript.  *See id.* at 11.[3]

But this claim now has a fatal defect.  It is moot.  A case is moot when "it is impossible for a court to grant [a plaintiff] any effectual relief."  *See Almaqrami v. Pompeo*, 933 F.3d 774, 779 (D.C. Cir. 2019) (cleaned up).  That is so here because the Secretary has since sent Collier the transcript.  *See* Notice of Tr.  Thus, she has now gotten the only relief that she asks for, and the Court presumptively lacks jurisdiction.  *See Larsen v. U.S. Navy*, 525 F.3d 1, 4 (D.C. Cir. 2008)

The claim must be dismissed unless one of the mootness exceptions saves it.  Neither does.  First, the claim is not "capable of repetition, yet evading review" because there is no "reasonable expectation that [Collier] would be subjected to the same action again."  *Clarke v. United States*, 915 F.2d 699, 704 (D.C. Cir. 1990) (en banc).  Neither party has suggested that Collier will be subject to another Board of Inquiry.

Likewise, Collier is not saved by the voluntary cessation exception.  That exception applies when a defendant voluntarily stops doing the thing that the plaintiff sued about.  Yet "a defendant's voluntary cessation of a challenged practice [still] moots a case" where (1) "there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation."  *Larsen*, 525 F.3d at 4.  Both prongs are met here.  There is no evidence that Collier will again face a Board of Inquiry, and her wait is over.  *See, e.g., Seeger v. DOD*, 306 F. Supp. 3d 265, 281 (D.D.C. 2018)

---

[3]  Collier also asks for "any damages caused by the delay."  *See* Compl. at 11.  But she cannot get damages under the APA, so the Court addresses her only available remedy—injunctive relief. *See* 5 U.S.C. § 702 (offering relief "other than money damages").

("When a plaintiff has received the relief sought . . ., a charge of unreasonable delay is no longer live.").

Perhaps recognizing this, Collier never contests the Secretary's Motion for Summary Judgment as to her APA claim. *See generally* Opp'n, ECF No. 57-1. Indeed, she mentions that claim zero times and ignores the Secretary's various arguments.

So the Court must dismiss Collier's APA claim as moot. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**B.**

Collier's Privacy Act claim fares no better. To make out her unlawful-disclosure claim, Collier needs to prove four main things: "1) the disclosed information is a record contained within a system of records; 2) the agency improperly disclosed the information; 3) the disclosure was willful or intentional; and 4) the disclosure adversely affected [her]." *Reed v. Dep't of the Navy*, 910 F. Supp. 2d 32, 40 (D.D.C. 2012) (cleaned up). Plus, because she seeks money damages, Collier must also prove that the Secretary's violation caused her actual damages. *See Doe v. Chao*, 540 U.S. 614, 616, (2004); *see also Feldman v. CIA*, 797 F. Supp. 2d 29, 38 (D.D.C. 2011) (actual damages showing required for unlawful-disclosure claim under the Privacy Act). Thus, she must show that the Secretary's violation caused her "pecuniary or economic harm." *FAA v. Cooper*, 566 U.S. 284, 299 (2012).

The Secretary claims that "Plaintiff has failed to prove actual damages." MSJ at 27. In support, he says that Collier's mere allegations of emotional suffering from the alleged disclosure do not cut it. *See id.* at 26–27. In short, the Secretary "identif[ies] the ways in which [Collier] has failed to come forward with sufficient evidence to support a reasonable jury to find

in her favor on [an] essential element[] of her claim." *Grimes v. Dist. of Columbia*, 794 F.3d 83, 93 (D.C. Cir. 2015).

In response, Collier says nothing.  Rather than "citing to particular parts . . . of the record," she just ignores the Secretary's arguments.  Fed. R. Civ. P. 56(c).  True, in her Second Amended Complaint, Collier *alleges* that she was forced to pay roughly $2,000 ███████.  *See* Compl. ¶ 14.  But she never argues that this counts as "actual damages" in her opposition.

And perhaps even more fatally, she points to no evidence that she actually paid for ███████  So even if the Secretary is wrong that damages related to emotional suffering would not count as actual damages, she would still lose.  At summary judgment, Collier "cannot rely on the allegations in her own complaint."  *Grimes*, 794 F.3d at 94.  She must instead "substantiate them with evidence."  *Id.*  In other words, she needed to contest that point by citing to evidence showing actual damages.  She could have pointed to receipts for ███████  Or she could have cited testimony about ███████████.  But she did none of that.  And because she fails to point to any evidence to support her allegations, she loses on this claim.  There is no genuine issue of material fact about whether Collier suffered actual damages.  *See Brett v. Brennan*, 404 F. Supp. 3d 52, 59 (D.D.C. 2019) (granting summary judgment to defendant who pointed to absence of evidence to support plaintiff's case).

## IV.

Because there is no genuine issue of fact about whether Collier suffered actual damages, the Court must grant the Secretary's Motion for summary judgment as to that claim.  *See* Fed. R. Civ. P. 56(a).  And because Collier's APA claim is moot, the Court must dismiss it.  *See* Fed. R. Civ. P. 12(h)(3).

A separate, unredacted Order has issued.


_____

Dated: September 20, 2023                    TREVOR N. McFADDEN, U.S.D.J.